**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ERIC TOLLIVER,**

                  **Plaintiff,**           **5:16-cv-99
                                                     (GLS/TWD)**

            **v.**

**CITY OF SYRACUSE et al.**

                  **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Eric Tolliver
Pro Se
94-B-1563
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Eric Tolliver commenced this action against the City of

Syracuse, Onondaga County District Attorney (DA) William J. Fitzpatrick,

Onondaga County Assistant District Attorneys (ADAs) Michael A. Price,

Christopher Dougherty, and Victoria M. White, and Onondaga County DA

Freedom of Information Law (FOIL) Officer Donna Hamilton pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Tolliver's complaint alleges: (1) the City of Syracuse showed deliberate indifference in failing to train and supervise its employees regarding their *Brady-Giglio* obligation and to not use or evoke perjured testimony to secure a conviction; (2) the Onondaga County DA and ADAs did not fulfill their *Brady-Giglio* obligation and elicited or allowed perjured testimony to be elicited from the two main witnesses in Tolliver's murder trial; and (3) the Onondaga County DA FOIL Officer knowingly and intentionally withheld Brady-Giglio materials. (*Id.* at 3-8.) Tolliver seeks declaratory and injunctive relief, as well as damages in an unnamed amount. (*Id.* at 1, 9.)

In a Report-Recommendation and Order (R&R) dated February 16, 2016, Magistrate Judge Thérèse Wiley Dancks, upon initial review of Tolliver's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, recommended that all claims within Tolliver's complaint be dismissed with prejudice. (Dkt. No. 8.) Pending are Tolliver's objections to the R&R. (Dkt. No. 9.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

In 1994, following a jury trial in Onondaga County Court, Tolliver was

convicted of murder in the second degree and criminal possession of a weapon in the second degree in connection with the shooting death of Marshall Solomon, and sentenced to an indeterminate term of twenty-five years to life. *Tolliver v. Greiner*, No. 902CV0570570LEKRFT, 2005 WL 2179298, at *1 (N.D.N.Y. Sept. 8, 2005). Tolliver's conviction and sentences were affirmed by the Appellate Division, Fourth Department. *See People v. Tolliver*, 267 A.D.2d 1007 (4th Dep't 1999.) The New York Court of Appeals denied Tolliver's application for leave to appeal. *See People v. Tolliver*, 94 N.Y.2d 908 (2000). Tolliver is presently a prison inmate in the custody of the New York State Department of Corrections and Community Supervision. (Compl. at 2.)

Tolliver's Complaint involves conduct that occurred before he was convicted and centers around two main witnesses who testified at his trial. (*Id.* at 3-7.) Tolliver alleges DA Fitzpatrick and ADAs Price and Dougherty engaged in issuing a fake fugitive warrant to produce a witness and then coerced the witness to testify against Tolliver in exchange for dismissal of a murder charge, struck a deal with a DA's Office in Colorado in exchange for another witness' testimony, elicited perjured testimony from both witnesses that no deal was struck, and failed to fulfill their *Brady-Giglio*

obligations in regard to notifying Tolliver of any deals made.  (*Id.*)  Tolliver also alleges ADA White falsely swore in a 2013 affirmation in opposition to Tolliver's CPL § 440.10 motion that no deal was made between the Onondaga County DA Office and the two main witnesses at trial, and, as a result, withheld *Brady-Giglio* materials from Tolliver.  (*Id.* at 7-8.)  Finally, Tolliver alleges Hamilton, a Paralegal and Records Access Officer, knowingly and intentionally withheld *Brady-Giglio* materials from Tolliver, his wife, and his attorneys when, in response to FOIL requests made by Tolliver, his wife, and his attorneys, she failed to turn over documents demonstrating the existence of deals made with a witness in exchange for testimony.  (*Id.* at 8.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge.  If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, only vague or general

4

objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

In the R&R, Judge Dancks recommends dismissal of all of Tolliver's claims with prejudice. Judge Dancks recommends dismissal of Tolliver's claim against the City of Syracuse with prejudice because Tolliver failed to allege any facts plausibly showing that the City had any involvement in the acts outlined in his Complaint or that the City had any authority to become involved and therefore Tolliver's claim against the City is frivolous. (Dkt. No. 8 at 8.) Judge Dancks recommends dismissal with prejudice of Tolliver's claim against Hamilton because Tolliver has failed to state a 42 U.S.C. § 1983 claim for violation of his Constitutional rights with regard to Hamilton's response to FOIL requests. (*Id.* at 9-10.) Finally, Judge Dancks recommends dismissal of the claims against DA Fitzpatrick and ADAs Price, Dougherty, and White pursuant to the doctrine of prosecutorial immunity. (*Id.* at 8-9.) In the alternative, Judge Dancks recommends dismissal notwithstanding absolute immunity because Tolliver's claims are

5

barred by the doctrine outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 8 at 10-11.) Tolliver objects to the R&R on the singular basis that Judge Dancks erred in her analysis of *Heck v. Humphrey*. (Dk. No. 9 at 2-3.)[1] Because Tolliver fails to object to the R&R's decision on the first three grounds, the court has reviewed the R&R for clear error only and has found none. The R&R is therefore adopted in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Thérèse Wiley Dancks's February 16, 2016 Report and Recommendation (Dkt. No. 8) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Tolliver's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

---

[1] In *Heck*, the Supreme Court held that a state prisoner's claim for damages under 42 U.S.C. § 1983 is precluded if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" absent proof that the inmate has already secured invalidation of that conviction or sentence. *Heck*, 512 U.S. at 487. Tolliver argues that his potential success in this action would not demonstrate the invalidity of his conviction or duration of his sentence in proceedings relating to his current § 1983 claims and therefore his claims are not barred by *Heck*. (Dk. No. 9 at 4.) His assertion is simply erroneous. *See Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999).

6

Decision and Order to the parties.

**IT IS SO ORDERED.**

August 30, 2016
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge