**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERIC TOLLIVER,**

               **Plaintiff,**

               **v.**

**CITY OF SYRACUSE et al.,**

               **Defendants.**
_____

               **5:16-cv-99**
               **(GLS/TWD)**

## **SUMMARY ORDER**

Pending before the court is plaintiff *pro se* Eric Tolliver's motion for relief from a judgment or order pursuant to Rule 60(b)(1).  (Dkt. No. 14.) On initial review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this action was dismissed with prejudice.  (Dkt. No. 10.)  After filing a notice of appeal, (Dkt. No. 12), Tolliver moved for the relief addressed herein, (Dkt. No. 14). The Second Circuit thereafter ordered this court to resolve the motion. (Dkt. No. 19.)  After careful consideration, the motion is denied.

Rule 60(b)(1) empowers the court with discretion to "relieve a party . . . from final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect."  *See Gesualdi v. Quadrozzi Equip. Leasing Corp.*, 629 F. App'x 111, 113 (2d Cir. 2015).  Such a motion shall "be made within a

reasonable time," Fed. R. Civ. P. 60(c)(1), but, as relevant here, the Local Rules of Practice in this District require motions for reconsideration to be filed "no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree, N.D.N.Y. L.R. 7.1(g). *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (recognizing that, despite Rule 60(b)'s generic "reasonable time" filing requirement, a court's local rules may specify a definitive period of time within which the party must seek reconsideration of an order or judgment).

The motion in question is dated September 26, 2016 and it seeks reconsideration of a Memorandum-Decision, which was entered on August 30, 2016. (Dkt. Nos. 10, 11, 14.) Accordingly, the motion is untimely, as it was filed fifteen days after entry of the challenged order and judgment. *See* N.D.N.Y. L.R. 7.1(g). In any event, Tolliver's motion fails on the merits as explained below.

Tolliver claims that he is entitled to relief because the court's "decision was a clear error of law which need [sic] correction in order to prevent manifest injustice." (Dkt. No. 14 at 3.) As argued by Tolliver, the court erred by dismissing his complaint with prejudice, and failed to

2

perceive a due process claim. (*Id.* at 3-5.) The authority relied upon by Tolliver to show that his complaint should have been dismissed without prejudice, (*id.* at 3-4), misses the point. The court's prior orders amply explain the reasons for dismissal with prejudice. (Dkt. No. 8 at 8-10; Dkt. No. 10 at 5-6.) Tolliver's other argument, that Magistrate Judge Dancks somehow failed to follow the dictates of 28 U.S.C. § 1915A(b) in connection with his due process claim, (Dkt. No. 14 at 5), is also misguided. As succinctly stated in Judge Dancks' Report-Recommendation, which was adopted in full by this court, because Tolliver was afforded a meaningful post-deprivation remedy, he failed to state a due process claim. (Dkt. No. 8 at 10; Dkt. No. 10 at 6.) Tolliver has failed to raise any basis to revisit the court's prior rulings.

Accordingly, it is hereby

**ORDERED** that Tolliver's motion for relief from a judgment or order (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that, consistent with the Order of the Second Circuit, Tolliver shall notify the Second Circuit within thirty (30) days of the date of this Summary Order that a decision on his motion for reconsideration has been entered; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 8, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge