**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ERIC TOLLIVER,**

                **Plaintiff,**

                **v.**

**CITY OF SYRACUSE et al.,**

                **Defendants.**

**5:16-cv-99
(GLS/TWD)**

_____

## SUMMARY ORDER

Pending is plaintiff pro se Eric Tolliver's motion for reconsideration. (Dkt. No. 26.) Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[1] "In order to prevail on a motion for

---

[1] Northern District of New York Local Rule 7.1(g) provides:

Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2). A motion for reconsideration of a Magistrate Judge's determination of a non-dispositive matter shall toll the fourteen (14) day time period to file objections pursuant to L.R. 72.1(b). The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

Tolliver, who appears to misapprehend the court's prior order, contends, among other things, that the court misapplied controlling law when it "erroneously evaluate [sic] plaintiff's Independent Action/motion under Rule 60(c)(1)." (Dkt. No. 26 ¶ 5.) Contrary to Tolliver's belief, the court did not acknowledge that plaintiff "properly brought Independent

2

Action." (*Id.* ¶ 4.) Indeed, because Tolliver could have timely pursued relief under Rule 60(b)(3), but inexplicably failed to do so, relief under Rule 60(d), invoking the court's discretion to entertain an independent action, is foreclosed. *See United States v. Bastien*, No. 09-CR-205, 2013 WL 1701601, at *3 (E.D.N.Y. Apr. 19, 2013), *aff'd*, 565 F. App'x 24 (2d Cir. 2014) (citing *In re Lawrence*, 293 F.3d 615, 622 n.5 (2d Cir.2002)). Having failed to demonstrate any of the avenues for reconsideration, Tolliver's motion is denied.

Accordingly, it is hereby

**ORDERED** that Tolliver's motion for reconsideration (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to Tolliver.

**IT IS SO ORDERED.**

May 16, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge